**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DEREK Q. JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-01432-JAR |
| ) | |
| DIRECTOR MS. COLEMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On September 22, 2025, Plaintiff Derek Q. James filed a motion for temporary restraining order (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). Two days later, the Court entered an order noting that the motion consisted largely of conclusory allegations regarding jail conditions and failed to demonstrate any risk of imminent harm. (ECF No. 3). The Court therefore stated that it would address the motion in the ordinary course under 28 U.S.C. § 1915(e)(2). *Id.* Nevertheless, James filed a second and largely duplicative motion on October 6, 2025 (ECF No. 4). The next day, the Court again explained that it would address the motion in the ordinary course. (ECF No. 5). James has since filed a motion for reconsideration (ECF No. 6) and a "Petition for Contempt of Court" (ECF No. 7).

Despite James's apparent urgency to move this case forward, he has not yet filed a complaint with the Court. Rule 3 of the Federal Rules of Civil Procedure governs the commencement of civil actions in the district courts and requires a litigant to file a complaint to formally commence a civil action. Even pro se litigants must comply with the Federal Rules of Civil Procedure. *See Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir.1983) (per curiam) (declaring pro se parties are not excused from complying with procedural and substantive law).

Therefore, the Court gives James thirty days from the date of this order to file a complaint on the enclosed form.

Further, although James filed a handwritten motion to proceed *in forma pauperis* (ECF No. 2), he did not use the Court-provided form. Local Rule 2.06(A) requires self-represented litigants to use Court-provided forms where applicable. Accordingly, the Court denies James's motion to proceed *in forma pauperis* without prejudice. Within thirty days of the date of this order, James must either (1) pay the full $405 filing fee, or (2) file a renewed motion to proceed *in forma pauperis* on the enclosed form. If James chooses to file a renewed motion, he must also provide a certified copy of his inmate account statement for the six-month period immediately preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2). If he cannot obtain the required account statement, he must explain in detail the steps he took to obtain it.

Accordingly,

**IT IS HEREBY ORDERED** that James's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that James must, **within thirty (30) days** of the date of this order, either (1) pay the full $405 filing fee, or (2) file a renewed motion to proceed *in forma pauperis* on the enclosed form. If James chooses to file a renewed motion, he must include a copy of the inmate account statement required by § 1915(a)(2) or a detailed explanation of the steps he took to obtain the account statement.

**IT IS FURTHER ORDERED** that James must, **within thirty (30) days** of the date of this order, file a civil complaint on the Court-provided form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to James a copy of the Court's "Application to Proceed in District Court without Prepaying Fees or Costs" (MOED-0046) and the Court's "Prisoner Civil Rights Complaint" (MOED-0036).

James's failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Dated this 7th day of November, 2025.

                                                                                JOHN A. ROSS
                                                                                UNITED STATES DISTRICT JUDGE